IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNDREA JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:22-cv-84-ECM |
| | ) | (wo) |
| BARBOUR COUNTY BOARD OF | ) | |
| EDUCATION, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION and ORDER**

Now pending before the Court is a motion to dismiss filed by the Barbour County
Board of Education ("the Board") and Shirley Johnson, Johnnie Helms, Jacqueline Davis,
Louise Gibson, and Ruby Jackson (doc. 11), and a motion to dismiss filed by Matthew
Alexander ("Alexander")(doc. 22).  Because the motions rely in part on documents to
support res judicata and collateral estoppel defenses, this Court previously converted those
aspects of the motions to motions for summary judgment and gave the Plaintiff additional
time in which to respond. (Doc. 28).

Johnson has filed a complaint and an amended complaint.  In his amended
complaint, he brings claims for violation of federal procedural due process (count one),
state procedural due process (count two), federal substantive due process (count three),
state substantive due process (count four), and a state-law breach of employment contract
claim (count five).  He asserts these claims against the Board, as well as against
Superintendent Alexander and Board members Shirley Johnson, Johnnie Helms,

Jacqueline Davis, Louise Gibson, Ruby Jackson (collectively "Individual Defendants") in their official and individual capacities.

Upon consideration of the briefs, including the Plaintiff's supplemental brief in response to this Court's Order (doc. 29), the record, and the applicable law, and for the reasons that follow, the motions are due to be GRANTED as to the federal claims and the state-law claims are due to be DISMISSED without prejudice.

## I.   STANDARDS OF REVIEW

### A.  Rule 12(b)(6) Motion to Dismiss

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint against the legal standard set forth in Rule 8: "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 663 (alteration in original) (citation omitted).  The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.  Conclusory allegations that are merely "conceivable" and fail to rise "above the speculative level" are insufficient to meet the plausibility standard. *Twombly*, 550 U.S. at 555, 570.  This pleading standard "does not require 'detailed factual

allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678.  Indeed, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.*

### B.   Rule 56 Motion for Summary Judgment

"Summary judgment is proper if the evidence shows 'that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Hornsby-Culpepper v. Ware*, 906 F.3d 1302, 1311 (11th Cir. 2018) (quoting FED. R. CIV. P. 56(a)).  "[A] court generally must view all evidence and make all reasonable inferences in favor of the party opposing summary judgment." *Fla. Int'l Univ. Bd. of Trs. v. Fla. Nat'l Univ., Inc.*, 830 F.3d 1242, 1252 (11th Cir. 2016).  However, "conclusory allegations without specific supporting facts have no probative value." *Jefferson v. Sewon Am., Inc.*, 891 F.3d 911, 924–25 (11th Cir. 2018).  If the record, taken as a whole, "could not lead a rational trier of fact to find for the non-moving party," then there is no genuine dispute as to any material fact. *Hornsby-Culpepper*, 906 F.3d at 1311 (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

The movant bears the initial burden of demonstrating that there is no genuine dispute as to any material fact, and the movant must identify the portions of the record which support this proposition. *Id.* (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). The movant may carry this burden "by demonstrating that the nonmoving party has failed to present sufficient evidence to support an essential element of the case." *Id.*  The burden then shifts to the non-moving party to establish, by going beyond the pleadings, that a genuine issue of material fact exists. *Id.* at 1311–12.

## II.  FACTS

The facts as alleged and as taken in a light most favorable to the non-movant are as follows:

In August 2016, Johnson entered an employment contract with the Board which was set to expire on June 30, 2019.  The contract provided that nonrenewal would be upon recommendation of the Superintendent and a majority vote of the Board no less than 60 days before the end of the contract.  According to the amended complaint, in June 2019, Alexander forwarded correspondence to Johnson indicating that there would be an investigation into financial fraud which occurred while Johnson was principal.  On July 1, 2019, the Board voted to change the nonrenewal date of Johnson's contract to June, 2020. Johnson alleges that the Defendants were obligated to enter a new contract with Johnson for three years when Johnson's contract expired on June 30, 2019.  On July 2, 2019, Johnson was notified that he was being placed on administrative leave with pay pending the investigation into financial fraud.

On or about March 10, 2020, Johnson was notified that that Board would not renew his employment contract, effective June 30, 2020.  The amended complaint alleges that the Defendants did not afford Johnson the opportunity to be heard on the charges of financial fraud during his administrative leave or before not renewing his contract.

Johnson does not allege in the amended complaint, but the Defendants have provided evidence to show, to which Johnson has had opportunity to respond, that Johnson pursued an avenue of relief in state court. On March 16, 2020, he provided a notice and

4

request to Alexander for an expedited hearing pursuant to state law.[1]  Weeks later, on April 21, 2020, Johnson filed suit in the Barbour County Circuit Court in the form of a Request for Non-Jury Expedited Evidentiary Hearing Pursuant to the Alabama Teacher Accountability Act, naming Alexander and the Board.  In his request, Johnson claimed that there was a breach of the principal employment contract and a federal due process violation. (Doc. 12-1 para. 10 & 11).  The Board and Alexander filed a motion to dismiss on several grounds, including untimeliness, arguing that state law requires a request for an evidentiary hearing to be filed promptly in state court after a written request is delivered to the Board, but that Johnson filed his request 36 days after his written request to Alexander. (Doc. 12-2).  The Barbour County Circuit Court granted the motion to dismiss without explanation. (Doc. 12-3).[2]

---

[1] Pursuant to ALA. CODE § 16-24B-3

> (2) a. Within 10 days of the date of receipt of notice provided to a contract principal informing him or her of an action by the employing board to nonrenew the principal's contract at the end of its current term, the contract principal, by filing written notice with the chief executive officer, may request a nonjury, expedited evidentiary hearing to demonstrate that the chief executive officer's or supervisor's recommendation to nonrenew the contract was impermissibly based upon a personal or political reason, or the recommendation was approved based upon personal or political reasons of the chief executive officer, supervisor, or the employing board, which shall be the sole issues at any such hearing.
> * * *
> Promptly after delivering a written request for such a hearing, the contract principal or his or her designee shall file with the appropriate circuit court a request for an expedited hearing and shall provide a copy of the request to the chief executive officer.

[2] Although the order of the trial court granting dismissal refers to the motion as having been filed by Matthew Alexander, the motion to dismiss which the court granted was filed by both Alexander and the Board. (Doc. 12-2).

In his amended brief before the Alabama Court of Civil Appeals, Johnson identified the judgment of the circuit court as a "final judgment." (Doc. 29-1 at 4). The Alabama Court of Civil Appeals treated the appeal as a petition for writ of certiorari. (Doc. 12-5 at 4). The Alabama Court of Civil Appeals noted that in their motion to dismiss, Alexander and the Board argued that the request for expedited hearing was untimely, that the claims were barred by sovereign immunity, and that there was no viable due process claim. (*Id.*). The court held that "the record supports only the conclusion" that the contract was not renewed, held that Johnson was required to timely file his request, and held that he had to contest that the nonrenewal was impermissibly based on personal or political reasons. (*Id.* at 16). The court further explained that on appeal Johnson only argued that he timely filed his request for the hearing. (*Id.*). The court affirmed the "judgment of dismissal." (*Id.* at 18). The Alabama Supreme Court denied a petition for writ of certiorari and issued a certificate of judgment affirming the judgment of the court below. (Doc. 12-9).

## III.   DISCUSSION

### A. Federal Claims

The Defendants have moved for dismissal on several grounds, including res judicata, collateral estoppel, and qualified immunity. The Court begins with res judicata and collateral estoppel.

#### 1.   *Res Judicata and Collateral Estoppel*

"In considering whether to give preclusive effect to state-court judgments under res judicata or collateral estoppel, the federal court applies the rendering state's law of

preclusion." *Community. State Bank v. Strong*, 651 F.3d 1241, 1263 (11th Cir. 2011) (citations omitted).

Under traditional res judicata principles in Alabama, the elements of res judicata are (1) a prior judgment on the merits, (2) rendered by a court of competent jurisdiction, (3) substantial identity of the parties, and (4) the same cause of action presented in both suits. *Mack v. Alabama Dep't of Youth Servs.*, 106 F. Supp. 2d 1256, 1260 (M.D. Ala. 2000)(citing *Hughes v. Allenstein*, 514 So.2d 858, 860 (Ala.1987)).  If these elements are all met, any issue that was, or could have been, adjudicated in the prior action is barred from further litigation. *Id.*

Johnson argues that the state court failed to adjudicate his claims for breach of contract and for violation of due process, so the dismissal was not a judgment on the merits of those claims.  When given additional time to respond to the Defendants' motion for summary judgment on these issues, Johnson presented his amended brief on appeal in state court to demonstrate that he did not appeal from a judgment on the merits of his claims. Johnson also disputes that final judgment was rendered by a court of competent jurisdiction.

The judgment of the Alabama Court of Civil Appeals in Johnson's case affirmed the judgment of the court below. (Doc. 12-9).  The judgment of the court below was a dismissal.  Therefore, although the case was presented in a somewhat unusual procedural posture of a request for a hearing which also asserted additional claims, this Court must conclude that, as there was a final dismissal of the case, the first res judicata element is

satisfied. *See Mack*, 106 F. Supp. 2d at 1259 (finding that res judicata barred federal claims where motion to dismiss claims arising from the same facts was granted by the state court).

Johnson's argument that final judgment was not entered by a court of competent jurisdiction stems from his reading of a case cited by the Defendants, *Yance v. Dothan City Bd. of Educ.*, 163 So. 3d 1070 (Ala. Civ. App. 2014)(hereinafter referred to as *Yance III*). Johnson contends that *Yance III* stands for the proposition that a request for expedited hearing is separate from other claims, so there is no jurisdiction over contract or other claims in a court which presides over the expedited hearing.[3]

*Yance III* discusses two state court proceedings.  In the first one, *Yance I*, the state circuit judge assigned to preside over a principal's expedited hearing could not hold the hearing within the required statutory period, so the judge designated a mediator to conduct the hearing, in accordance with Alabama law. *Id.* at 1072.  In that case, *Yance I*, the mediator ruled against the principal and the appeal was voluntarily dismissed.  *Id.* at 1073. The plaintiff principal then filed a new complaint in the trial court in *Yance II*, seeking a judgment declaring his rights under the contract, a writ of mandamus, and a claim for breach of contract. *Id.*  The trial court found that res judicata barred the claims in *Yance II* because the plaintiff could have pursued the same relief in *Yance I. Id.*  On appeal, in *Yance III*, the plaintiff argued that he did not assert the same contract claim in *Yance I* as he did in *Yance II*.  The Alabama Court of Civil Appeals explained, however, that the trial court

---

[3] The Court notes that in his petition for writ of certiorari to the Alabama Supreme Court, Johnson argued that his breach of contract and due process claims could have been heard by the circuit court. (Doc. 12-8 at 10).

dismissed *Yance II* "not because Yance had *already* litigated the contract-extension claim in *Yance I*, but because he *could have* litigated that claim in *Yance I*." *Id.* 1075 (emphasis in original).  The court further explained that the plaintiff "had the right to assert his contract-extension claim in *Yance I*" and although the mediator could not have enforced that right in the expedited evidentiary hearing, "it could have been tried separately before the judge in *Yance I* . . . ." *Id.*  The required separation between the evidentiary hearing by the mediator and the contract claim to be tried by the court did not preclude both claims from being asserted in the same case.  At most, there was an issue, not decided by the court, as to whether the mediator had jurisdiction over the contract-extension claim. *Id.* at 1075.  But, the Alabama Court of Civil Appeals expressly held in *Yance III* that the plaintiff principal had the right to assert his contract claim along with his request for an expedited hearing in *Yance I*. *Id.*

Applying *Yance III* in this case, Johnson could have raised claims before the circuit court along with his request for expedited hearing.  In fact, Johnson did raise some of the same claims in state court that he has asserted here.  This Court must conclude, therefore, that the dismissal of his case was by a court of competent jurisdiction and bars claims arising from his contract nonrenewal against parties in privity with the parties in Johnson's state-court case.

There is, however, an issue presented here regarding the parties in privity.  "Axiomatically, res judicata and collateral estoppel operate only between parties (and their respective privies) who or which have already opposed each other in at least one claim that has been litigated to a judgment." *Stewart v. Brinley*, 902 So. 2d 1, 9 (Ala. 2004).

In the state court action brought by Johnson, the Board and Alexander were named as Defendants.  The individual Board members were not named.  By contrast, in this case, the members of the Board have been named in both their official and individual capacities, as has Alexander.  There is privity between the Board and the Board members in their official capacities because "a government official sued in his or her official capacity is considered to be in privity with the government." *Lozman v. City of Riviera Beach, Fla.,* 713 F.3d 1066, 1075 n.7 (11th Cir. 2013).  But, the Board members in their individual capacities are not considered to be in privity with the Board in the first action. *See Johnson v. Alabama Dep't of Hum. Res.*, 546 F. App'x 863, 868 (11th Cir. 2013)(holding under Alabama law that as to the state agency employees sued in their individual capacities in a second action "[p]rivity, however, was lacking between the defendants in the Title VII case and McClintock and Shelton in their individual capacities."); *Blount v. Culliver*, 2021 WL 7286015, at *7 (M.D. Ala. 2021)(explaining "neither identity nor privity exists when a party is sued in his official capacity and then sued later in his individual capacity."), *report and recommendation adopted*, 2022 WL 178585 (M.D. Ala.), *appeal dismissed*, 2022 WL 1576995 (11th Cir. Apr. 12, 2022).  Therefore, the individual capacity claims against the Individual Defendants are not barred by res judicata or collateral estoppel in this case.[4]

### 2. *Claims Against Individual Defendants*

The Individual Defendants have invoked the defense of qualified immunity to the federal claims against them in their individual capacities.  Qualified immunity protects

---

[4] Because it is not clear whether Alexander was sued in state court in only his official capacity or in both his official and individual capacities, this Court will consider the merits of the federal claims against him in his individual capacity.  *See Blount*, 2021 WL 7286015, at *7.

government officials from suit if they are "performing discretionary functions" and "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Where, as here, the government official was engaged in a discretionary function, the Court then engages in a two-pronged inquiry.[5]  The first asks whether the facts, "[t]aken in the light most favorable to the party asserting the injury, . . . show the officer's conduct violated a [federal] right [.]" *Saucier v. Katz*, 533 U.S. 194, 201 (2001).  The second prong of the qualified-immunity analysis asks whether the right in question was "clearly established" at the time of the violation. *Hope v. Pelzer*, 536 U.S. 730, 739 (2002).  "[T]he salient question . . . is whether the state of the law" at the time of an incident provided "fair warning" to the defendants "that their alleged [conduct] was unconstitutional." *Id.* at 741.

a.   Procedural Due Process

Johnson alleges that he was denied the opportunity to defend against the charge of financial fraud during his administrative leave "prior to the defendants non-renewing plaintiff's employment contract." (Doc. 4 para. 17 & 26).   Johnson points to the stigma of having a fraud charge leveled against him. (*Id.* para. 21).  Johnson's claim, therefore, is for the deprivation of a liberty interest without procedural due process.

---

[5] Although it is not clear, Johnson may be arguing that the Individual Defendants were not acting within their discretionary authority. (Doc. 15 at 11).  The question is whether the conduct served a proper purpose and was within, or reasonably related to, the outer perimeter of the officials' discretionary duties. *See Harbert Int'l, Inc. v. James*, 157 F.3d 1271, 1282 (11th Cir. 1998). The Board has the authority to vote on personnel recommendations of the Superintendent. ALA. CODE § 16-8-23.  The Court finds that the acts alleged were within the Individual Defendants' discretionary authority.

To establish a deprivation of a liberty interest without due process of law under the Fourteenth Amendment, a plaintiff must show "(1) a false statement (2) of a stigmatizing nature (3) attending a governmental employee's discharge (4) made public (5) by the governmental employer (6) without a meaningful opportunity for [an] employee name clearing hearing." *Buxton v. City of Plant City, Fl.*, 871 F.2d 1037, 1042–43 (11th Cir. 1989). If adequate state remedies are available to provide a plaintiff with the opportunity for a name-clearing hearing, the plaintiff cannot state a procedural due process claim. *Cotton v. Jackson*, 216 F.3d 1328, 1331 (11th Cir. 2000). A "public employer is required to provide the opportunity for a post-termination name-clearing hearing when stigmatizing information is made part of the public records, or otherwise published." *Buxton*, 871 F.2d at 1046. Because the hearing is provided "simply to cleanse the reputation of the claimant, the hearing need not take place prior to his termination or to the publication of related information adverse to his interests." *Campbell v. Pierce Cty., Ga. By & Through Bd. of Comm'rs of Pierce Cty.*, 741 F.2d 1342, 1345 (11th Cir. 1984).

The Defendants argue that Johnson has failed to plead sufficiently a procedural due process violation based on a liberty interest. They express doubt about the sufficiency of Johnson's allegations as to the publication of damaging statements, but focus on the contention that because Johnson had the ability to seek an evidentiary hearing in review of the nonrenewal decision by the Board, he had adequate process. They point to Alabama statutory law which allows a principal to seek review of a nonrenewal decision by providing notice of a request for a hearing and then "[p]romptly after delivering a written

request for such a hearing . . . [filing] with the appropriate circuit court a request for an expedited hearing." ALA. CODE §16-24B-3(2)(a).

Johnson has alleged that he was denied due process because he was not given an opportunity to be heard on the fraud charges *before* his contract was nonrenewed.  Under Eleventh Circuit precedent, however, due process does not require a pre-nonrenewal hearing.  *See Campbell*, 741 F.2d at 1345.  State law gave Johnson the opportunity for a post-nonrenewal hearing. ALA. CODE §16-24B-3.  This Court is persuaded by the reasoning of another judge of this district that where the state provides the opportunity for a hearing to challenge a termination, that "post-termination hearing is a constitutionally-sufficient forum to afford an aggrieved employee an opportunity to clear his or her name." *See Hayden v. Alabama Dep't of Pub. Safety*, 506 F. Supp. 2d 944, 954 (M.D. Ala. 2007) (Dement, J.) (citing *Harrison v. Wille*, 132 F.3d 679, 683 n. 9 (11th Cir.1998) ("Because this opportunity is not as strict as the process required before one can be deprived of a property interest, due process was satisfied by the same opportunities provided for notice and hearing for the termination itself . . . .").  Because Johnson's theory that he was entitled to a hearing pre-nonrenewal is contrary to Eleventh Circuit precedent, and because state law afforded Johnson the opportunity for a post-nonrenewal hearing, the individual Defendants are entitled to qualified immunity on the procedural due process claim. The procedural due process claim against the Individual Defendants is due to be DISMISSED.[6]

_____

[6] Johnson has not asked to amend his claims, but an amendment to include a claim challenging the adequacy of the post-nonrenewal hearing based on the dismissal of his request for the hearing would be futile. *See Hayden*, 506 F. Supp. 2d at 954 (finding pleading deficiencies could not be cured because the complaint alleged that the plaintiff had an opportunity for a hearing).  Taking judicial notice of the decisions by the state courts in Johnson's state court proceedings, it is apparent that dismissal of his state-court case was

b.  Substantive Due Process

In *McKinney v. Pate*, 20 F.3d 1550, 1559 (11th Cir. 1994), the court held that whether an individual complains that a state lacks constitutionally adequate procedures for termination of employees or asserts that his particular hearing was not fair and impartial, he has raised only procedural due process concerns, not substantive due process concerns. Therefore, *McKinney* forecloses Johnson's claim to substantive due process arising from any property interest he may allege in public employment. *See id.*

In addition to a property interest, in his amended complaint, Johnson has also identified a liberty interest. (Doc. 4 para. 39).  Johnson does not, however, demonstrate that the facts alleged are a violation of clearly established law.  Although in his brief he states that the failure to afford him an opportunity to be heard on the financial fraud charge against him rose to the level of being conscience shocking (doc. 15 at 5), that allegation is not within the amended complaint.  Even if it were, the Court could not consider a conclusory allegation determinative in ruling on a motion to dismiss. *Twombly*, 550 U. S. at 555, 570. Furthermore, Johnson does not cite any cases that clearly establish a substantive due process right under the facts he does allege.[7]  He cites to *Roth*, but that is a procedural due process case. (Doc. 26 at 13-14) (citing *Board of Regents v. Roth*, 408 U.S. 564, 573 (1972)

---

affirmed for failure to meet the statutory requirements for a hearing.  (Doc. 12-5 at 16-18).  If a plaintiff fails to take advantage of state remedies, that failure does not support a claim of deprivation of due process. *Cotton*, 216 F.3d at 1330-31.  Furthermore, the statutory requirements for requesting the hearing with which Johnson failed to comply do not "make the remedy completely unavailable." *Lakoskey v. Floro*, 2021 WL 5860460, at *7 (11th Cir. 2021)(holding that if a remedy is available it is not inadequate merely because it is difficult to recover).

[7] In determining whether a right is clearly established, this Court must look to the precedent of the Supreme Court of the United States, the Eleventh Circuit, and of the state's highest court. *McClish v. Nugent*, 483 F.3d 1231, 1237 (11th Cir. 2007).

("The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property.")).   He also cites to *Maddox v. Stephens*, 727 F.3d 1109 (11th Cir. 2013), but that case involved substantive due process in a liberty interest in the care of a child. (Doc. 15 at 4).

A claim of reputational harm arising from public employment has been recognized as a procedural due process claim.  *See Cotton*, 216 F.3d at 1330 (explaining that "when reputational damage is sustained in connection with a termination of employment, it may give rise to a procedural due process claim for deprivation of liberty . . . ."); *see also McConico v. City of Leeds, Alabama*, 2010 WL 11561918, at *4 (N.D. Ala. 2010) (reasoning that any claim based on a liberty interest in being free from stigmatizing accusations in termination is a claim of procedural due process only). Therefore, considering precent which characterizes the claim as only procedural, and in the absence of binding case law clearly establishing that the liberty interest identified by Johnson in the amended complaint is a fundamental right, this Court concludes that the Individual Defendants are entitled to qualified immunity on the federal substantive due process claim and that that claim is due to be DISMISSED.

### B.  State Law Claims

Where all federal claims are dismissed prior to trial, district courts are encouraged to dismiss any remaining state-law claims. *Raney v. Allstate Ins. Co*., 370 F.3d 1086, 1088–89 (11th Cir. 2004).  Before dismissing the remaining state-law claims, the Court must consider the factors of judicial economy, convenience, fairness, and comity. *See Ameritox, Ltd. v. Millennium Labs., Inc.,* 803 F.3d 518, 537 (11th Cir. 2015).  "Both comity and

15

economy are served when issues of state law are resolved by state courts." *Rowe v. City of Fort Lauderdale*, 279 F.3d 1271, 1288 (11th Cir. 2002).  "Federal courts are (and should be) loath to wade into uncharted waters of state law, and should only do so when absolutely necessary to the disposition of a case." *Ameritox*, 803 F.3d at 540.  In this case, there are state-law immunity issues raised which are best resolved by the state courts.  Further, there is nothing before the Court to suggest that the remaining factors—convenience and fairness—weigh in favor of retaining subject-matter jurisdiction.  Moreover, the Court can discern no possibility of significant prejudice to any party, particularly in light of § 1367(d)'s provision tolling the statute of limitations on any of the state-law claims. *See* 28 U.S.C. § 1367(d).  Accordingly, the Court declines to exercise supplemental jurisdiction over the state-law claims pursuant to § 1367(c)(3).

## IV.   CONCLUSION

For the reasons discussed, it is hereby ORDERED as follows:

1.   The motion to dismiss filed by the Barbour County Board of Education, Shirley Johnson, Johnnie Helms, Jacqueline Davis, Louise Gibson, and Ruby Jackson (doc. 11) and the motion to dismiss filed by Matthew Alexander (doc. 22), aspects of which have been considered as motions for summary judgment, are GRANTED to the following extent:

   a.   Summary judgment is entered in favor of the Board and the Defendants in their official capacities and against the Plaintiff on the federal claims.

   b.   The federal claims against the Individual Defendants in their individual capacities are DISMISSED with prejudice.

16

2. The Court declines to exercise supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367, and the state-law claims are DISMISSED without prejudice.

A separate Final Judgment will be entered in accordance with this Memorandum Opinion and Order.

Done this 21st day of June, 2022.

/s/ Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE